UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:15-cr-00226-GMN-PAL |
|---|---|
| Plaintiff, | **REPORT OF FINDINGS AND RECOMMENDATION** |
| v. | |
| JOHNNY MOORE, | (Mot. Suppress – Dkt. #54) |
| Defendant. | |

Before the Court is Defendant Johnny Moore's ("Moore") Motion to Suppress Statements (Dkt. #54) which was referred to me for a Report of Findings of Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB1-4. The Court has considered the Motion (Dkt. #54), the government's Response (Dkt. #65), Moore's Reply (Dkt. #67) and Moore's Supplement (Dkt. #69).

**BACKGROUND**

Moore is charged in a two-count Indictment (Dkt. #28) returned August 5, 2015, with transportation of a minor in violation of 18 U.S.C. § 2423(a) and (e), and attempt sex trafficking in violation of 18 U.S.C. § 1591(a) and (b)(2), and § 1594(a) and (b).

The indictment arises out of an arrest on June 16, 2015, by officers of the Las Vegas Metropolitan Police Department ("LVMPD"). According to the arrest report, LVMPD Officer Twigger stopped two females in an area known for high prostitution activity. One of the women identified herself as Jazzmin Dailey, the Co-Defendant in this case. The other female initially lied about her identity and age. Eventually, she correctly identified herself and Officer Twigger confirmed she was a minor who had been reported as a missing person.

Co-Defendant Dailey allegedly told officers she was a prostitute engaging in prostitution and she had come to Las Vegas with Raven Morris, Dailey and Dailey's boyfriend Steve, later

identified as Defendant Moore.  The female juvenile made statements she was engaging in prostitution acts directed by Dailey and Moore was in fear.  Dailey and Moore were arrested.  Moore was taken to the Clark County Detention Center where Detective Chavez conducted a taped interrogation.  The recorded interrogation indicates Detective Chavez informed Moore:

> You have the right to remain silent.  Anything you say can be used against you in a court of law.  You have the right to the presence of an attorney.  If you cannot afford an attorney, one will be appointed before questioning.  Do you understand your rights?

Moore seeks to suppress the statement he gave to Detective Chavez arguing the *Miranda* warnings were inadequate as they failed to advise him of his right to consult with counsel before and during questioning.  Citing *United States v. Noti*, 731 F.2d 610, 614 (9th Cir. 1984), Moore argues that the right to have counsel present during questioning is meaningful and mandated by the Constitution.  The warning administered by Detective Chavez did not contain all of the necessary *Miranda* components.  District Judge Richard F. Boulware recently held that a *Miranda* warning given to the defendant was deficient because it did not advise the defendant of his right to consult with an attorney before questioning.  *See United States v. Chavez*, Case No. 2:15-cr-00035-RFB-CWH, Order (Dkt. #55), 111 F. Supp. 3d 1131 (D. Nev. 2015).  Here, the *Miranda* warning given to Moore omitted the right to speak with an attorney before questioning and also omitted Moore's right to the presence of an attorney during questioning.  Thus, Moore asserts he was not provided a valid *Miranda* warning.

The government opposes the motion pointing out that the transcript of the recorded interview reflects the *Miranda* warnings that were administered.  The government argues that Judge Boulware's decision in *Chavez*, is not binding on this Court and the case is factually distinguishable.  The Fifth Amendment prohibits a defendant from being compelled to be a witness against himself in a criminal case.  It is undisputed that Moore was in custody at the time he was interrogated.  However, the government argues that the *Miranda* warnings that Detective Chavez gave were adequate.  The government relies on *Florida v. Powell*, 559 U.S. 50, 60 (2010), in which the Supreme Court held that in determining whether adequate *Miranda* warnings were administered, the court should not examine the words used "as if construing a will

or defining the terms of an easement." Rather, the court inquires whether the warnings reasonably conveyed to the suspect his *Miranda* rights. The government maintains that although *Miranda* makes it clear the defendant has a right to consult with counsel before questioning, "it is ambiguous as to how explicitly the person must be warned of that right." The government argues that the warning given to Moore was adequate to advise him that he had the right to the presence of an attorney and if he could not afford an attorney, one would be appointed before questioning. Thus, the statement reasonably conveyed the message that Moore could consult with an attorney prior to answering any question by law enforcement.

Moore's reply cites *United States v. San Juan-Cruz*, 314 F.3d 384, 388 (9th Cir. 2002), in which the Ninth Circuit held that a *Miranda* warning must clearly convey to the arrested party that he possesses the right to have an attorney present prior to and during questioning. In this case, the *Miranda* warnings Moore received did not refer to his constitutional right to consult or speak with counsel before the police interrogation began. Moore also relies on *People of the Territory of Guam v. Snaer*, 758 F.2d 1341 (9th Cir. 1985), in which the Ninth Circuit found that the *Miranda* warning met the minimum requirements of the Constitution, but recommended that Guam authorities revise the form to more clearly warn of the right to consult with counsel before questioning. *Id*. at 1343. In *Snaer*, the *Miranda* warnings the defendant received advised him of his right to consult with an attorney. *Id*. at 1342. Here, however, the warnings Moore received only told him he had the right to the *presence* of an attorney, and if he could not afford one, one would be appointed before questioning. This did not clearly convey to him that he had the right to consult and/or speak with an attorney before questioning even began.

Moore filed a Supplement (Dkt. #69) pointing out that District Judge Jennifer A. Dorsey recently granted a motion to suppress statements in *United States v. Loucious*, Case No. 2:15-cr-00106-JAD-CWH, Feb. 19, 2016 Order (Dkt. #75), holding that LVMPD's standard *Miranda* warnings failed to adequately inform defendants of their rights. The supplement also cites Magistrate Judge Cam Ferenbach's Report and Recommendation (Dkt. #34) in *United States v. Carter*, Case No. 2:15-cr-00322-KJD-VCF, recommending suppression of the defendant's statements finding the *Miranda* warnings given to the defendant were inadequate because they

3

did not explicitly state or adequately convey that the defendant had the right to talk to an attorney before answering any questions.

## DISCUSSION

### I. Applicable Law

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amendment V. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that the Fifth Amendment of the Constitution affords a citizen the right to be informed prior to custodial interrogation that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning." *Id*. at 479. The Supreme Court presumed that interrogation in certain custodial circumstances is inherently coercive and held that statements made under those circumstances are inadmissible unless the suspect is specifically warned of his *Miranda* rights and freely decides to forgo those rights. *New York v. Quarles*, 467 U.S. 649, 654 (1984).

The *Miranda* decision "established certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation." *Duckworth v. Eagan*, 492 U.S. 195, 202 (1989). *Miranda* warnings are prophylactic in nature and are "not themselves rights protected by the Constitution." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). Instead, *Miranda* warnings are "measures to ensure that the right against compulsory self-incrimination [is] protected." *Id*. For this reason, courts reviewing the adequacy of warnings, "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement." *Eagan*, 492 U.S. at 203. Reviewing courts should determine whether the warnings that were administered reasonably conveyed to the suspect the rights *Miranda* requires. *California v. Prysock*, 453 U.S. 355, 361 (1981). No "talismanic incantation" is required to satisfy the warnings *Miranda* requires. *Id*. at 359. Rather, the language used in the *Miranda* decision or their "fully effective equivalent" are prerequisites to the admissibility of any statement made by a suspect in custody. *Id*. at 360.

///

4

A misleading *Miranda* warning is inadequate. *Prysock*, 453 U.S. at 359. The Ninth Circuit has held that *Miranda* warnings "must be read and conveyed to all persons clearly and in a manner that is unambiguous." *San Juan-Cruz*, 314 F.3d at 389. However, "[t]o be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning." *Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008), *aff'd on remand by Doody v. Ryan*, 649 F.3d 986 (9th Cir. 2011) (en banc). A determination of the adequacy of *Miranda* warnings raises mixed questions of law and fact, which the Ninth Circuit reviews *de novo*. *Sechrist v. Ignacio*, 549 F.3d 789, 805 (9th Cir. 2008).

In *Duckworth v. Eagan*, 492 U.S. 195 (1989), the Supreme Court resolved a conflict among the lower courts concerning whether informing a suspect that an attorney would be appointed "if and when you go to court" rendered *Miranda* warnings inadequate. The Seventh Circuit found the "if and when you go to court" language suggested that only those accused who can afford an attorney have the right to have one present before answering questions and implied that if the accused does not go to court, that is, if the government does not file charges, the accused is not entitled to counsel at all. *Id.* at 199–201. The Supreme Court rejected this view, finding that the Court of Appeals "misapprehended the effect of the inclusion of" this language. *Id.* at 203. The Supreme Court held that the "if and when you go to court" language did not render *Miranda* warnings inadequate. It reasoned that the "if and when you go to court" language accurately described the procedure under Indiana law to appoint counsel at the defendant's initial appearance and simply anticipates a suspect's question of when he will obtain counsel. *Id.* at 204. Additionally, the Supreme Court reiterated that *Miranda* did not require that attorneys be "producible on call" or suggest that every police station must have a lawyer available at all times to advise suspects. *Id.*

In *United States v. Miguel*, 952 F.2d 285 (9th Cir. 1991), the Ninth Circuit concluded that *Miranda* warnings were adequate when the officer told the suspect he "may" have an attorney appointed if he could not afford one. *Id.* at 287–88. A suspect must be informed of the right to have counsel present during questioning. *United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984). In *United States v. Noa*, 443 F.2d 144 (9th Cir. 1971), the Ninth Circuit held that the

*Miranda* warning was adequate even though it did not explicitly state that appointed counsel would be available prior to and during questioning. In *People of the Territory of Guam v. Snaer*, 758 F.2d 1341 (9th Cir. 1985), the Ninth Circuit concluded that Guam's standard advisement of rights form was adequate even though it did not expressly state that the Defendant had the right to consult with a lawyer *before* questioning or *prior* questioning.

The *Snaer* decision recognized the importance that a defendant be adequately warned of his right to consult with an attorney before questioning. *Id.* at 1343. It also recognized that although *Miranda* requires a defendant to be advised of his right to consult with counsel before questioning, the case law is ambiguous concerning how explicitly the person must be warned of that right. *Id.* 1342. To comply with the Fifth Amendment, a *Miranda* warning does not have to be explicit as long as it adequately conveys notice of the right to consult with an attorney before questioning. *Id.* at 1343.

**II.     Analysis and Decision.**

Two district judges and one magistrate judge in this district have concluded that the standard LVMPD *Miranda* warnings are constitutionally inadequate. In *Chavez*, Judge Boulware's decision noted that although the officer testified she read the defendant *Miranda* warnings from a card, she did not testify as to what was printed on the card and there was no other testimony in the record about the rights that were read to the defendant. 111 F. Supp. 3d at 1138. In *Loucious*, Judge Dorsey found that LVMPD's standard *Miranda* warning card was inadequate because it did not adequately convey the right to consult with counsel before questioning. The United States has filed a notice of appeal, and Judge Dorsey's order is before the Ninth Circuit. District Judge James C. Mahan found that *Miranda* warnings given to a defendant were constitutionally adequate when they advised him of the right to the presence of an attorney during questioning and that if the defendant could not afford an attorney one would be appointed to him before questioning. *See United States v. Waters*, Case No. 2:15-cr-00080-JCM-VCF, Order (Dkt. #46), 2016 WL 310738 (D. Nev. Jan. 26, 2016). Judge Mahan found that although the Ninth Circuit has emphasized the critical importance of the right to know that counsel may be present *during* questioning, it had upheld warnings that failed to explicitly

6

inform defendants of the right to consult with appointed counsel *prior* to questioning. *Id*. (citing *Unites States v Noa*, 443 F 2d. 144, 146 (9th Cir. 1971)).

*Miranda* requires that a person subjected to custodial interrogation must receive four warnings prior to any questioning. These four warnings "are invariable," but the words used may be varied so long as "essential information is conveyed." *Florida v. Powell*, 559 U.S. 50, 60 (2010). First, *Miranda* requires advising a suspect that "he has the right to remain silent." 384 U.S. at 479. Here, Moore was advised, "[y]ou have the right to remain silent." Second, *Miranda* requires a warning "that anything a suspect says can be used against him in a court of law." *Id.* Moore was advised, "[a]nything you say can be used against you in a court of law." Third, *Miranda* requires that a suspect be warned "he has the right to the presence of an attorney." *Id.* Moore was advised, "[y]ou have the right to the presence of an attorney." Fourth, *Miranda* requires that a suspect be warned that "if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires." *Id.* Moore was advised, "[i]f you cannot afford an attorney, one will be appointed before questioning." Moore was then asked if he understood these rights, and answered "yes."

The Court finds that the *Miranda* warnings Moore received complied with the four warnings *Miranda* mandates. Moore argues that advising him of the right to the *presence* of an attorney during questioning does not adequately convey his right to consult with an attorney before and during questioning. However, the *Miranda* decision itself articulates the warning that must be given as "the right to the *presence* of an attorney, and that if he cannot afford and attorney, one will be appointed for him prior to any questioning." 384 U.S. at 479. In *Snaer*, the decision relied upon by both judges Boulware and Dorsey, the Ninth Circuit found a *Miranda* warning adequate which failed to advise the defendant that he had the right to consult with a lawyer before questioning or prior to questioning. 758 F.2d at 1342. The warning that was upheld in *Snaer* stated, "[y]ou have the right to consult with a lawyer and to have a lawyer present with you while you are being questioned." *Id.* at 1343. The Ninth Circuit held that "the first part of that sentence read in the context of the latter half of the sentence does adequately

7

convey notice of the right to consult with an attorney before questioning" even though it did not explicitly inform him of that right. *Id.*

The Court finds that the *Miranda* warnings Moore received were more explicit than the one found sufficient in *Snaer*. It seems clear that a reasonable person would infer that he had the right to speak with a lawyer before questioning from the warnings Moore received. Moore was told he had the right to the presence of an attorney. A reasonable person would understand that the right to the presence of an attorney would include the right to consult with an attorney prior to questioning. Moreover, the *Miranda* warnings Moore received are virtually identical to the four warnings the Supreme Court mandated in *Miranda*. LVMPD's standard *Miranda* warning recites the four warnings mandated by *Miranda* verbatim with the exception of the final three words "if he so desires". The warnings Moore received adequately conveyed what *Miranda* requires.

For the reasons explained,

**IT IS RECOMMENDED** that Moore's Motion to Suppress Statements (Dkt. #54) be **DENIED**.

Dated this 13th day of April, 2016.

_____
Peggy A. Leen
United States Magistrate Judge