# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY MOORE,<br><br>Defendant. | Case No. 2:15-cr-00226-GMN-PAL<br><br>ORDER<br><br>(Mot Sever – Dkt. #74) |

Before the court is Defendant Johnny Moore's ("Moore") Motion to Sever (Dkt. #74) which requests a hearing. The court has considered the Motion, the government's response (Dkt. #87) and Moore's Reply (Dkt. #90).

**BACKGROUND**

Moore is charged in a two-count Indictment (Dkt. #28) returned August 5, 2015, with transportation of a minor in violation of 18 U.S.C. § 2423(a) and (e), and attempt sex trafficking in violation of 18 U.S.C. § 1591(a) and (b)(2), and § 1594(a) and (b).

The indictment arises out of an arrest on June 16, 2015, by officers of the Las Vegas Metropolitan Police Department ("LVMPD"). According to the arrest report, LVMPD Officer Twigger stopped two females in an area known for high prostitution activity. One of the women identified herself as Jazzmin Dailey, the co-Defendant in this case. The other female initially lied about her identity and age. Eventually, she correctly identified herself and Officer Twigger confirmed she was a minor who had been reported as a missing person.

In the current motion, Moore seeks to sever his trial from the trial of co-Defendant Jazzmin Dailey ("Dailey") arguing he will be prejudiced in a joint trial. The government is likely to seek to admit Dailey's recorded interrogations at trial. Moore believes that Dailey is not likely to testify at trial. Therefore, Moore will not be able to exercise his Sixth Amendment rights to confront Dailey about the facially incriminating statements made in her two recorded

interrogations. Dailey's interrogations also contain a great deal of inadmissible hearsay and vouch for the government's main witness, the juvenile, T.B. Additionally, there are numerous instances of prejudicially incriminating statements made by Detective Chavez about Moore in his interrogation. These incriminating statements about Moore in Dailey's recorded interrogations render her interrogations inadmissible in a joint trial under *Bruton v. United States*, 391 U.S. 123, 124-25, 137 (1967).

In *Bruton*, the Supreme Court held that the Defendant's Sixth Amendment rights were violated even though the trial court instructed the jury not to consider the co-Defendant's confession with respect to the Defendant. Moore contends a limiting instruction will be inadequate to avoid violating Moore's Sixth Amendment rights in this case. Even with a clear limiting instruction, Moore argues, there is no way to expect the jury to "segregate evidence into separate intellectual boxes" or for the jury not to consider Dailey's statements as evidence against Moore. Citing *Gray v. Maryland,* Moore argues that neither redaction nor deletion is an acceptable compromise. 523 U.S. 185, 192 (1998). In *Gray*, the Supreme Court held that simply redacting the defendant's name from the co-defendant's confession is not sufficient where there remains a direct and obvious inference that the other person implicated by the confession is the defendant.

Moore also argues that a separate trial will not interfere with judicial economy or efficiency. The bulk of the evidence implicates only Dailey. The discovery indicates that Dailey set up the transportation of the juvenile alleged in the indictment. Dailey stated she was acquainted with Morris' cousin, which is how Morris and T.B. became involved. Dailey is the one who rented the car for the trip to Las Vegas and drove them all to Las Vegas. Dailey is the one who stated she bought Morris and T.B. outfits to wear that night. According to T.B., Dailey instructed T.B. to send Dailey a smiley face if she picked up a "date." Dailey was with T.B. when the two were arrested on June 16, 2015. Moore and Dailey are not charged with conspiracy. Therefore, evidence that may be admitted solely against Dailey would not be admissible in a trial conducted solely for Moore. Given the prejudicial nature of the evidence admissible only against Dailey, severance is necessary. Finally, Moore argues this is a relatively

2

1  straightforward case and will not involve a lengthy trial. Therefore, it will not be an excessive
2  burden on judicial resources to try Moore and Dailey separately.

3  The government opposes the motion arguing that there is a strong preference for joint
4  trials of defendants who are indicted together, citing *Richardson v. Marsh*, 481 U.S. 200, 209
5  (1987). Fed. R. Crim. P. 8(b) allows two or more defendants to be charged in the same
6  indictment or information if they are alleged to have participated in the same act or transaction,
7  or in the same series of acts or transactions constituting an offense or offenses.

8  The government argues that the Defendants have a heavy burden of showing "clear,
9  manifest, or undue prejudice from a joint trial" (citing *United States v. Smith*, 893 F. 2d 1573,
10 1591 (9th Cir. 1990). Moore's motion to sever his trial from co-Defendant Dailey's is entirely
11 premised on concerns that the government will seek to play recorded interviews at trial.
12 However, the government affirmatively represents it does not intend to play the recorded
13 interviews at trial, or even have a redacted copy of the interview provided to the jury. Instead,
14 the government will seek to summarize Dailey's statements during the interrogation as related to
15 her involvement in the crime, excluding any of Dailey's references to Moore. Summarizing the
16 interview in this manner will alleviate each of Moore's concerns and limit any prejudicial effect
17 of the detective's questions. It will also obviate any Sixth Amendment confrontation concerns
18 because it will segregate Dailey's confessions regarding her involvement in the crime from
19 implicating Moore.

20 Moore replies that summarizing Dailey's admissions will not cure the problem because a
21 summary of Dailey's statements would not constitute a party admission exception to the hearsay
22 rule under Fed. R. Evid. 801(d)(2). Moore reasons that a summary would not use Dailey's
23 precise words, and as such, the government would not be offering Dailey's statements. More
24 importantly, Moore argues, Dailey's interrogation would still violate his Sixth Amendment rights
25 to confront and cross examine because he will not be able to cross examine Dailey. Moore
26 cannot envision how a summary of Dailey's admissions would not implicate him. The reply
27 reiterates arguments that a limiting instruction will not be sufficient to cure the prejudice of
28 Dailey's admissions, or prevent a violation of his Sixth Amendment rights. A summary will not

1  avoid the hearsay and vouching problems with Detective Chavez's interrogation and narratives.
2  Finally, Moore points out that his request to sever is also based on the fact that the majority of
3  the evidence in this case centers on Dailey's conduct, not his own. He expects that the
4  government will seek to introduce evidence that Dailey possessed a firearm and brought it with
5  her to Las Vegas, which will prejudice him before the jury.

## DISCUSSION

### I.  Applicable Legal Standards

Federal Rule of Criminal Procedure 8(b) "permits the joinder of defendants who allegedly committed the same crime." *United States v. Mayfield*, 189 F.3d 895, 899 (9th Cir. 1999). There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). *See also U.S. v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) (citations omitted).

Federal Rule of Criminal Procedure 14 provides that joint trials "may be severed when it is apparent that a joint trial would cause prejudice." *Mayfield*, 189 F.3d at 899. Rule 14 "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 539. The test is "whether the joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in just one way, by ordering a separate trial." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999) (*quoting Mayfield*, 189 F.3d 899).

The Supreme Court held in *Zafiro* that, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." 506 U.S. at 539. The Supreme Court, in *Bruton*, "ruled that a defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a non-testifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant." *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998) (*citing Bruton v.*

4

1  *United States*, 391 U.S. 123, 126 (1968)).  However, the Supreme Court held that, "the
2  Confrontation Clause is not violated by the admission of a non-testifying co-defendant's
3  confession with a proper limiting instruction when . . . the confession is redacted to eliminate not
4  only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481
5  U.S. 200, 211 (1987).  In *Gray v. Maryland*, the Court further clarified that "redactions which do
6  not lead to the inference that a specific person was named and the identity of that person
7  protected through redaction may be appropriate."  523 U.S. 185, 196-97 (1998).

## II. Analysis

Moore does not dispute that he and Dailey were properly joined in the same indictment under Rule 8(b). Moore*'s* motion does not claim that his defense is mutually exclusive to that of codefendant Dailey, or that the two defendants have antagonistic defenses.  Rather, he claims a joint trial will prejudice him because the evidence against Dailey is much stronger than the evidence against him.  The possibility that evidence against a codefendant may be transferred to another defendant is generally referred to as the "spillover effect".  To determine whether the "spillover effect" requires severance the court assesses whether "the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants, in view of the volume and the limited admissibility of some of the evidence." *United States v Cuozzo*, 962 F. 2d 945, 950 (9th Cir. 1992).  Careful instructions to the jury to separate the evidence "make severance unnecessary because the prejudicial effects of the evidence of codefendants are neutralized." *United States v Stinson*, 647 F. 3d 1196, 1205 (9th Cir. 2011).  Moreover, there is a strong presumption that juries follow curative instructions. *See Jules-Jordan Video, Inc. v 14492 Canada, Inc*. 617 F.3d 1146, 1159 (9th Cir. 2010). Moore has not shown there is a serious risk that a joint trial will prevent the jury from making a reliable judgment about his guilt or innocence because it will be unable to compartmentalize the evidence against both defendants.

Moore also argues that the government's proposal to summarize Dailey's statements to eliminate any reference to him will violate his confrontation rights, and prejudice him.  *Bruton* and its progeny hold that a post arrest statement by a non-testifying codefendant violates the Confrontation Clause only when the statement facially, expressly, clearly or powerfully

implicates the defendant. *United States v Mitchell,* 502 F 3d 931, 965(9th Cir.2007). Where a statement of a codefendant is not incriminating on its face, but becomes so only when linked with evidence introduced at trial *Bruton* does not require severance. *Richardson v. Marsh,* 481 U.S. at 208-09. Redaction and a proper limiting instruction avoid a violation of the Confrontation Clause. *Id*. Redactions that simply replace a name with an obvious blank space or a symbol or other obvious implications of alteration do not satisfy the *Bruton* rule. Id at 192, 195. However, the Confrontation Clause is not violated by admitting a codefendant's confession redacted of any reference to the defendant's name or existence. *Gray v Maryland*, 523 U.S.at 191.  The government has affirmatively represented that it will not offer Dailey's recorded statements in evidence.  The government's proposal to summarize her admissions deleting any reference to Moore or his involvement is a reasonable one that will not violate Moore's confrontation rights. A summary will also avoid the interrogating detective's editorial comments, conclusions and statements vouching for other witnesses.  Finally, Moore's argument that a summary will violate the hearsay rule lacks merit.  Dailey clearly made multiple admissions of her involvement in the offenses charged.  Her admissions need not be recited verbatim to be admissible.

## CONCLUSION

There is a strong preference for a joint trial of defendants charged in the same indictment. *Richards v Marsh*, 481 U.S. 200, 209 (1987).  When defendants have been properly joined under Rule 8(b) severance should be granted only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or that a jury will be unable to make a reliable judgement about guilt or innocence in a joint trial. *Zafiro v United States,* 506 U.S. 534, 538-39 (1993). The court finds Moore has not shown either circumstance warrants severance. Appropriate limiting jury instructions and a summary of Dailey's statements which omits any reference to Moore or his involvement in the offenses charged are sufficient to cure any potential prejudice.

Dated this 31st day of May, 2016.

_____
Peggy A. Leen
United States Magistrate Judge