**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cr-226-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| JOHNNY MOORE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation (ECF No. 77) entered by Magistrate Judge Peggy A. Leen on April 14, 2016, denying Defendant Johnny Moore's ("Defendant's") Motion to Suppress Statements (ECF No. 54). Defendant timely filed his Objection (ECF No. 86), and the Government timely filed a Response (ECF No. 101).

**I.    BACKGROUND**

On August 5, 2015, an Indictment (ECF No. 28) was entered charging Defendant and co-Defendant Jazzmin Dailey ("co-Defendant") with Count One of Transportation of a Minor for Prostitution, in violation of 18 U.S.C. §§ 2423(a) and (e), and Count Two of Attempt Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and §§ 1594(a) and (b). The Indictment issued following the arrest of a female juvenile by the Las Vegas Metropolitan Police Department (the "LVMPD"). (R. & R. 1:21–26, ECF No. 77). As Judge Leen describes, "The female juvenile made statements [that] she was engaging in prostitution acts directed by [co-Defendant and Defendant]," who were then both arrested. (*Id.* 2:1–2). At the Clark County Detention Center, LVMPD Detective Chavez conducted a taped interrogation of Defendant. (*Id.* 2:3–4). At the start of the interrogation, Detective Chavez gave Defendant the following *Miranda* warning:

> You have the right to remain silent. Anything you say can be used against be used against [sic] you in a court of law. You have the right to the presence of an attorney. If you cannot afford an attorney, one will be appointed before questioning. Do you understand your rights?

(Interrogation Tr. 1, Ex. A to Mot. to Suppress, ECF No. 54-1).[1]  Defendant responded affirmatively. (*Id.*).

In his Motion to Suppress, Defendant seeks to suppress the statements he made during this interrogation because "Detective Chavez failed to provide [him] the full panoply of *Miranda* warnings prior to interrogating him, violating [his] Fifth Amendment Rights." (*Id.* 3:21–22).  Specifically, Defendant argues that the given *Miranda* warning did not advise him of his "right to consult with counsel before and during questioning." (*Id.* 3:14–15).  However, Judge Leen found that "the *Miranda* warnings [Defendant] received complied with the four warnings *Miranda* mandates," so she recommended denial of the motion. (R. & R. 7:16–17).

## II.  LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III.  DISCUSSION

Defendant asserts several objections to Judge Leen's Report and Recommendation denying his Motion to Suppress. (Obj., ECF No. 40).  First, Defendant argues that the LVMPD's *Miranda* warning "failed to advise [Defendant] of his right to consult with an

---

[1] The parties do not dispute that this was a custodial interrogation (*see* Obj. 3:4–6, ECF No. 86), nor do they dispute that this quoted language represents the *Miranda* warning at issue here (*id.* 4:6–7).

attorney before questioning." (*Id.* 5:17–18).  Specifically, Defendant asserts that Judge Leen erred in "concluding [Defendant's] warnings were 'more explicit' than the one found barely sufficient in [*People of Territory of Guam v. Snaer*, 758 F.2d 1341, 1343 (9th Cir. 1985)]." (*Id.* 6:19–20).  Defendant explains that "being warned of the right to the *presence* of an attorney *prior* to questioning is not tantamount to being warned of the important right to be able to *consult* with the attorney prior to such questioning." (*Id.* 7:5–7).  Second, Defendant argues that the LVMPD's *Miranda* warning "failed to advise [Defendant] of his right to have an attorney present during questioning." (*Id.* 7:13–14).  Defendant claims that the statement "the right to the presence of an attorney" is "vague." (*Id.* 7:18–19).  Defendant contends that together with the initial error of not informing him of his right to consult an attorney before questioning, such a vague statement "failed to reasonably inform [Defendant] of his rights to consult with an appointed attorney both before and during the recorded interrogation." (*Id.* 7:21–23).  Lastly, Defendant claims that Judge Leen erred in determining that "a reasonable person would infer that he had the right to speak with a lawyer before questioning from the warnings [Defendant] received." (*Id.* 9:4–6) (quoting R. & R. 8:4–5).

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  The Supreme Court has held that the Fifth Amendment affords a citizen the right to be informed prior to custodial interrogation that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning." *Miranda v. Arizona*, 384 U.S.436, 479 (1966).  The Supreme Court does not require a "talismanic incantation . . . to satisfy [*Miranda*'s] strictures." *California v. Prysock*, 453 U.S. 355, 359 (1981).  Further, courts reviewing the adequacy of warnings "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement." *Duckworth v. Eagan*, 492 U.S. 195,

203 (1989).  However, the warnings given must "adequately convey notice of the right to consult with an attorney before questioning." *People of the Territory of Guam v. Snaer*, 758 F.2d 1341, 1342 (9th Cir. 1985).

The courts in this district are currently split as to the sufficiency of the standard *Miranda* warnings given to defendants by the LVMPD.[2]  Two district judges have recently held that the LVMPD's standard advisement is inadequate, finding that the wording does not necessarily inform the defendant of the right to consult with an attorney before questioning. *United States v. Chavez*, 111 F. Supp. 3d 1131, 1146 (D. Nev. 2015); Order at 6–7, *United States v. Loucious*, Case No. 2:15-cr-106-JAD-CWH (D. Nev. Feb. 19, 2016), ECF No. 75.  However, two other district judges have upheld the LVMPD's standard language, finding that based on the warnings given, the defendant "would be able to grasp the substance of what he was told—that he had the right to appointed counsel if he could not afford a lawyer and that the right exists both before and during questioning." *United States v. Waters*, Case No. 2:15-cr-80-JCM-VCF, 2016 WL 310738, at *8 (D. Nev. Jan. 26, 2016); *United States v. Davis*, Case No. 2:12-cr-289-JCM-PAL, 2016 WL 3092110, at *3 (D. Nev. June 1, 2016); *United States v. Carter*, Case No. 2:15-cr-322-KJD-VCF, 2016 WL 3566984, at *2 (D. Nev. June 30, 2016).

Having reviewed the record in this case, and looked at the warning as a whole to determine whether Defendant was adequately informed of his rights under *Miranda*, the Court agrees with the analysis and findings of Judge Leen in her Report and Recommendation (ECF No. 77) denying the Motion to Suppress and incorporates them by reference in this Order.  The Court finds that although Detective Chavez did not explicitly state that Defendant had a right to

---

[2] The Court notes that the *Miranda* warnings provided in these cases, except *United States v. Carter*, all differ slightly from the *Miranda* warning here, stating that the defendant had "the right to the presence of an attorney during questioning" as opposed to the warning here of "the right to the presence of an attorney."  This minor variation could be a distinction, as Judge Dorsey noted in *Loucious*: "Had the warning simply said 'you have the right to the presence of an attorney,' I might conclude that a reasonable person could infer that the right extends to all stages—before, during, and after questioning." Order at 6:7–9, *United States v. Loucious*, Case No. 2:15-cr-106-JAD-CWH (D. Nev. Feb. 19, 2016), ECF No. 75.

consult with an attorney *before* questioning, a reasonable suspect would have understood that right after hearing all of the *Miranda* warnings. Namely, the warnings that Defendant had "the right to the presence of an attorney," and that if he "can't afford an attorney one will be appointed *before* questioning." (Interrogation Tr. 1) (emphasis added).

To the extent that Defendant is arguing a substantive distinction between the words "presence" and "consult," the Court disagrees. As noted by Judge Mahan in *United States v. Davis*, "*Miranda* itself equates 'presence' as synonymous with 'consult' . . . [and] no precedent [suggests] that the term 'presence' is insufficient to convey *Miranda*'s essential right to an attorney." 2016 WL 3092110, at *5. *Miranda* uses almost identical language as the LVMPD uses here. *Compare Miranda v. Arizona*, 384 U.S. at 479 ("[H]e has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning.") *with* (Interrogation Tr. 1) ("You have the right to the presence of an attorney. If you cannot afford an attorney, one will be appointed before questioning."). The Ninth Circuit has stated: "Although the Supreme Court does not require a verbatim reading of the *Miranda* rights to defendants, . . . it certainly does not prohibit it." *United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984). Therefore, the Court concludes that Detective Chavez properly informed Defendant of his rights under *Miranda*.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 77) and denies Defendant's Motion to Suppress Statements (ECF No. 54).

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 77) is **ACCEPTED and ADOPTED in full**.

///

///

///

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements (ECF No. 54) is **DENIED**.

**DATED** this __19__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court